IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JOHN J. GUMBS, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>GOVERNMENT OF THE VIRGIN )<br>ISLANDS and KAREN STAIR, in her )<br>individual and official capacities, )<br>)<br>    Defendants. )<br>_____ ) | **Civil No. 11-37** |

**MEMORANDUM OPINION AND ORDER**

Before the Court is plaintiff John J. Gumbs' ("Gumbs") motion for appointment of counsel [DE 8] pursuant to 28 U.S.C. § 1915(e)(1).[1]

### I.  RELEVANT FACTS

Gumbs seeks damages and injunctive relief under 42 U.S.C. § 1983 for violation of his "right to a fair trial and impartial jury under the equal protection of the laws and due process clauses under the 5th, 6th and 14th Amendments of the United States Constitution."[2] Compl. at 12. Gumbs' cause of action arises out of an underlying criminal proceeding in March 2010 before the Honorable Brenda J. Hollar, Administrative Judge, Superior Court of the Virgin

---

[1] Gumbs entitled his motion as a "renewed motion for appointment of counsel;" however, no such motion has been previously filed in this matter. Furthermore, contrary to the caption of the complaint, Gumbs' instant motion identifies the defendants as the Government of the Virgin Islands and Sherry Charles.

[2] Any due process claim by Gumbs must be grounded in the due process clause of the Fourteenth Amendment given the due process clause of the Fifth Amendment "applies to action by the federal government." *B&G Constr. Co. v. Dir., OWCP*, 662 F.3d 233, 246 n.14 (3d Cir. 2011). The Sixth Amendment, applicable to states through the due process clause of the Fourteenth Amendment, guarantees "every criminal defendant 'the right to a … trial[] by an impartial jury.'" *United States v. Mitchell*, 690 F.3d 137, 141 (3d Cir. 2012) (quoting U.S. CONST. AMEND. VI). "Complementing this right are the protections afforded by the Due Process Clause, which have long demanded that, if a jury is to be provided the defendant, regardless of whether the Sixth Amendment requires it, the jury must stand impartial and indifferent to the extent commanded by the Sixth Amendment." *Mitchell*, 690 F.3d at 141 (citation omitted).

Islands, during which Gumbs was found guilty of violating the Criminally Influenced and Corrupt Organizations Act, 14 V.I.C. § 605(a), and obtaining money by false pretenses, in violation of 14 V.I.C. § 834(2). Compl., Ex. 4 [DE 1-5]. Gumbs is presently incarcerated in Golden Grove Adult Correctional Facility, St. Croix, Virgin Islands. Pl.'s Compl. at 2.

Gumbs claims his constitutional rights to a fair trial and impartial jury were violated when Judge Hollar failed to dismiss Karen Stair ("Stair") – "jury forewoman" – from the jury. *Id*. at 2, 4-5. In particular, Gumbs argues Judge Hollar was required to dismiss Stair from the jury upon Stair's disclosure that two of the witnesses were clients at the firm for which she worked as a paralegal. *Id*. at 2, 7; *see also id*., Ex. 1 at 2 [DE 1-2]. Accordingly, Gumbs avers that Judge Hollar "abused her discretion by denying [Gumbs'] motion for a new trial, [] relief from judgment, or evidentiary hearing because of juror misconduct or a clear error of law in the exercise of this discretion." Compl. at 6-7.

Gumbs alleges Stair, who is "a subject of jury misconduct" in two superior court cases – "favored the prosecution [and] . . . did not [properly] weigh the evidence or lack thereof" against Gumbs "because of her **close relationship** with government witness Tami Noel." *Id*. at 6, 11 (emphasis in original); *see also id*., Ex. 5 [DE 1-6]. Gumbs alleges further that Stair "failed to inform the Court [of] the fact that she worked on the subpoena that was sent by the defense" to a "government witness."[3] Compl. at 8. Gumbs argues that Stair's failure to "disclose the relationship of her employment [as a paralegal] as it relates to documents in reference to the Gumbs criminal case did not allow the attorneys the opportunity to determine whether [] she was

---

[3]   Gumbs' complaint contains contradictory statements as to Stair's alleged wrongful non-disclosure. *See* Compl. at 4 (stating Judge Hollar's failure to remove Stair "*after [she] disclosed to the court . . .* that she had prior knowledge of the charges against [Gumbs] because she worked on the subpoenaed documents that were sent to [Gumb's counsel] from [Stair's] employer's [] client" violated Gumbs' civil rights) (emphasis added).

a suitable juror for that case." *Id*. at 11. Gumbs avers the "misconduct by Juror Karen Stair reflected an impermissible partiality on her part" and that "misconduct by [] Stair exhibited a **personal interest** in the Gumbs' case that **so powerful** [sic] as to cause her to commit a serious crime." *Id*. at 8-9 (emphasis in original).

## II.   LEGAL STANDARD

"Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)). Under 28 U.S.C. § 1915(e)(1), however, a court "may request an attorney to represent any person unable to afford counsel." The United States Court of Appeals for the Third Circuit has interpreted § 1915(e)(1) "as affording district courts 'broad discretion' to determine whether appointment of counsel in a civil case would be appropriate." *Montgomery*, 294 F.3d at 498 (citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)). In deciding whether to appoint counsel, a court must first "assess whether the claimant's case has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 498-99 (citations omitted). If the claimant overcomes this initial hurdle, the court should consider the following non-exhaustive factors:

> (1)  the plaintiff's ability to present his or her own case;
> (2)  the difficulty of the particular legal issues;
> (3)  the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> (4)  the plaintiff's capacity to retain counsel on his or her own behalf;
> (5)  the extent to which a case is likely to turn on credibility determinations; and
> (6)  whether the case will require testimony from expert witnesses.

*Id*. at 499 (citing *Tabron*, 6 F.3d at 155-57). Additionally, the Third Circuit has directed courts to examine two additional factors when considering an indigent party's request for counsel: (1) "[t]he [c]ourt's willingness to aid the indigent party in presenting his or her case by, for example,

explaining how to introduce and move the admission of evidence;" and (2) "[t]he supply of attorneys willing to take § 1915(e) requests in the geographic area of the litigation." *Gordon v. Gonzalez*, 232 Fed. Appx. 153, 156 n.4 (3d Cir. 2007).

### III.   ANALYSIS

Although § 1983 is not a source of substantive rights, it "provides remedies for deprivations of rights established in the Constitution or federal laws."[4]  *See Kaucher v. County. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006).  "Where a prisoner seeks monetary relief resulting from an allegedly unconstitutional conviction or imprisonment, the prisoner may bring a claim under section 1983." *Walke v. Cullen*, 2012 U.S. App. LEXIS 13467, at *6-7 (3d Cir. July 2, 2012) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).  However,

> to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Heck*, 512 U.S. at 486-87 (footnote and citation omitted).  In his complaint, Gumbs alleges that the constitutional violations committed by Judge Hollar and Stair "resulted in [Gumb's] incarceration." Compl. at 12.  However, Gumbs does not allege that his sentence was reversed, expunged, invalidated or called into question by a federal court's issuance of a writ of habeas corpus.  To the contrary, the Notice of Entry of Judgment & Commitment attached to the complaint suggests the challenged sentence remains intact.  Compl., Ex. 4 [DE 1-5].  Thus, Gumbs' 1983 claims for monetary damages are barred by *Heck*.

---

[4]  To state a cause of action under § 1983, a plaintiff must allege facts indicating he has been deprived of rights guaranteed by the Constitution or laws of the United States and this deprivation resulted from conduct committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 49-50 (1988); *accord Kaucher v. County. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006).

*Gumbs v. Government of the VI, et al.*
Civil No. 11-37
Page 5

To the extent Gumbs' claims are not barred by *Heck*, they fail for other reasons.  First, § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).  Nor are states considered "people" for purposes of § 1983.  *Id*. at 71; *see Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990) (stating "Congress did not intend to include Territories as persons who would be liable under § 1983"); *Brow v. Farrelly*, 994 F.2d 1027, 1037 (3d Cir. 1993) (stating "neither the Territory of the Virgin Islands nor its officers acting in their official capacities are 'persons' under 42 U.S.C. § 1983").  Accordingly, the Government of the Virgin Islands is not subject to liability under § 1983.[5]

Second, the claims against Stair arise from her service as a juror.  However, whether Stair engaged in misconduct in the form of non-disclosure is immaterial for "[a] juror in a civil action is immune from subsequent suit for damages under 42 U.S.C. § 1983." *McIntosh v. Garafalo*, 367 F. Supp. 501, 504 (W.D. Pa. 1973); *accord Kalina v. Fletcher*, 522 U.S. 118, 125 (1997) (noting "firmly established common-law rules provid[ed] absolute immunity for . . . jurors"); *see Freeze v. Griffith*, 849 F.2d 172, 174 (5th Cir. 1988) (stating whether the defendant "lied, either as a petit juror or as a witness, is immaterial, for in either capacity he is absolutely immune from

---

[5]  Gumbs seeks damages as well as injunctive relief to prevent the Government of the Virgin Islands from "violating [his] rights" without due process of law.  Compl. at 13.  Gumbs' claim is based on allegedly wrong acts committed by Judge Hollar while presiding over Gumbs' criminal proceeding.  A state official, sued in his or her official capacity, may be sued for injunctive relief.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n.10 (1989); *accord McCauley v. University of the Virgin Islands*, 618 F.3d 232, 241 (3d Cir.  2010).

Here, however, Gumbs has not brought suit against Judge Hollar.  Moreover, notwithstanding the verbiage of Gumbs' prayer for relief, it is evident his claim for injunctive relief pursuant to 42 U.S.C. § 1983 to prevent the Government of the Virgin Islands from depriving him of his constitutional rights without due process of law is essentially a claim for retrospective damages, which are not actionable against territorial officials in their official capacities under 42 U.S.C. § 1983.  *See Lockhart v. Matthew*, 203 F. Supp. 2d 403, 415 (D.V.I. 2002) (explaining under  § 1983, "territorial officials sued in their official capacities are not 'persons' with respect to suits for retrospective damages but are 'persons' with respect to suits for prospective injunctive relief") (internal citation omitted).

liability for damages under 42 U.S.C. § 1983").  As the *McIntosh* court observed,

> [t]o hold that a juror in a civil case is not immune from liability under § 1983 would be to subject each citizen/juror, men and women who serve their community in a spirit of well-meaning, if sometimes grudging, civil altruism, to the possibility of lengthy, expensive and burdensome combat against the vendettas of dissatisfied litigants. Such a state of affairs cannot be fostered.

367 F. Supp. at 504.  Accordingly, Stair is not subject to liability under § 1983.

In sum, Gumbs' claims against the Government of the Virgin Islands and Karen Stair lack "arguable merit in fact and law;" thus, he has not made the threshold showing necessary for the appointment of counsel.  Accordingly, it is hereby ORDERED that Gumbs' motion for appointment of counsel [DE 8] is DENIED.

**Dated:** October 30, 2012                         S\_____
                                                                    **RUTH MILLER**
                                                                    United States Magistrate Judge